USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/26/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATALIE YKENHOFF FLEMING,

       Plaintiff,

v.

DR. ULLA K. LAASKO, MD,

       Defendant.

18-CV-1527 (RA)

ORDER ADOPTING
REPORT & RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

  Plaintiff Natalie Ykenhoff Fleming, proceeding *pro se*, brought this action against Defendant Ulla K. Laakso, a psychiatrist, alleging that Dr. Laakso had violated her "[c]ivil [h]uman [r]ights" by making false statements in Plaintiff's treatment notes in an effort to help Ms. Fleming's former employer, Mt. Sinai Hospital, "keep [her] out of work." Compl. at 2. Defendant moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or, in the alternative, for a more definite statement of the Complaint pursuant to Fed. R. Civ. P. 12(e). Dkt. 16. On February 5, 2019, Magistrate Judge Barbara Moses issued a Report and Recommendation (the "Report") (Dkt. 26), recommending that this action be dismissed for lack of subject matter jurisdiction *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3).[1] The Report was mailed to Plaintiff by the Clerk of Court on February 6, 2019.

  Parties may raise objections to a magistrate judge's report and recommendation within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by

---

[1] In her Report, Judge Moses also recommended that, if this Court reaches the merits, the case be dismissed for failure to state a claim pursuant to Rule 12(b)(6). Report at 1. Because the Court agrees with Judge Moses that this case must be dismissed for lack of subject matter jurisdiction, it does not consider the Rule 12(b)(6) motion.

mail, *see* Fed. R. Civ. P. 6(d). Where, as in this case, "no timely objection has been made ... a district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation." *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 670 (S.D.N.Y. 2011) (internal quotation marks omitted).

The Court has reviewed the Report for clear error and found none. Although Plaintiff checked off the box in her Complaint indicating that her claim arose under federal question jurisdiction, Compl. at 2, the Court agrees with Judge Moses that she presents no "federal constitutional or statutory question" in her allegations, Report at 8. Rather, Plaintiff accuses Dr. Laakso of making false statements about her mental health in a psychiatric evaluation, *see* Compl. at 2, 5-6, which she explicitly characterizes in her opposition brief as sounding in defamation and slander, *see* Dkt. 19 at 1, 5 ("I am seeking a summary judgment on my behalf for slander and defamation of my character and false statements made to my medical records and evaluation."); *see, e.g., Sadallah v. City of Utica*, 383 F. 3d 34, 38 (2d Cir. 2004) (making clear that defamation is a matter of state and not federal law).[2]

Nor, as Judge Moses correctly concluded, has Plaintiff established that the Court has diversity jurisdiction over this case. *See* Report at 10. Although the parties appear to be diverse, *see* Compl. at 3, 4 (listing the Plaintiff's residence as in New Jersey and Dr. Laakso's as in New York), Plaintiff has not shown, or attempted to show, that the $75,000 minimum amount in controversy is met, *see* 28 U.S.C. § 1332(a). In her Complaint, Plaintiff only seeks damages

---

[2] Judge Moses also determined that, "[r]ead generously, plaintiff's pleadings could also be construed as an effort to assert a claim for tortious interference with plaintiff's prospective business relationship with Mount Sinai, or for medical malpractice." Report at 9. These are both state tort law claims, however, and would thus not create federal question jurisdiction. *See* Report at 9; *Highland Capital Mgmt. LP v. Schneider*, 198 Fed. App'x 41, 44 (2d Cir. 2006) (holding that the court lacked federal question jurisdiction where plaintiff's claim against defendants was for tortious interference with prospective business relations); *Urena v. Wolfson*, No. 09-CV-1107 (KAM)(LB), 2010 WL 5057208, at *13 (E.D.N.Y. Dec. 6, 2010) ("[P]laintiff's tort claims for medical malpractice against the non-federal defendants arise under New York state law.").

against Defendant for: (1) "the [$]65.00 [Defendant] charged [her] [f]or paperwork," (2) her travel expenses, and (3) an unspecified amount related to "emotional stress, aggravation and grief" that she allegedly suffered. Compl. at 6. These factual allegations do not create "a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc. of U.S.*, 347 F. 3d 394, 397 (2d Cir. 2003) (internal quotation marks omitted).

Accordingly, the Court adopts Judge Moses' Report, and dismisses this case without prejudice for lack of subject matter jurisdiction.

As stated in the Report and Recommendation, failure to timely object precludes appellate review of this decision. Report at 25; *see, e.g., Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F. 3d 84, 92 (2d Cir. 2010).

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 16.

SO ORDERED.

Dated: February 26, 2019
New York, New York

Ronnie Abrams
United States District Judge